### UNITED STATES of America,
#### Plaintiff–Appellee,

#### v.

### Luis DOMINGUEZ–DEVALLE,
#### Defendant–Appellant.

#### No. 01–3627.

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 2002.

Before NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.*

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## ORDER

Luis Dominguez–Devalle pleaded guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326(b). On May 4, 2001, he was sentenced to fifty-seven months of incarceration and three years of supervised release. His appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A new attorney was appointed to represent Dominguez–Devalle, who has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Dominguez–Devalle did not file a timely response to this motion, and an independent review of the record does not reveal a viable basis for appeal.

Dominguez–Devalle and his former attorney both signed a plea agreement that included the following waiver of his right to appeal:

> 11. The Defendant ... hereby knowingly, voluntarily and expressly waives the right to appeal his sentence on any ground .... The Defendant further agrees not to contest his sentence in any post conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

In light of this provision, Dominguez–Devalle has waived most, if not all, of the claims that might otherwise be raised on appeal. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995).

Nevertheless, we note that the district court properly determined that Dominguez–Devalle was competent to enter his plea and that he had no apparent difficulty in responding to the court's inquiries without an interpreter. The court established that Dominguez–Devalle understood his rights, the nature of the charges, and the consequences of his plea. In this regard, we note that he had been advised of the maximum penalty that he faced at his initial arraignment and in the plea agreement that he signed. Dominguez–Devalle acknowledged a sufficient factual basis for his plea and indicated that the decision to plead guilty was voluntary. He was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that his guilty plea was valid and that the court substantially complied with Fed.R.Crim.P. 11.

After considering defense counsel's arguments, the sentencing court reduced Dominguez–Devalle's offense level to 19 under USSG § 5K2.0. It also reduced his criminal history category from VI to V, as it had over-represented his past criminal conduct. This resulted in a guideline range of only 57–71 months. Dominguez–Devalle was sentenced at the very bottom of that range, and he did not raise any other legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Wade,* 266 F.3d 574, 585–86 (6th Cir.2001). No such error is apparent from the record here.

Counsel now suggests that Dominguez–Devalle may wish to argue that his former attorney had advised him that he was subject to a sentencing guideline range of only 21–27 months. However, Dominguez–Devalle indicated that he was satisfied with his attorney at rearraignment, and the present record does not indicate that counsel's performance was constitutionally defi-

cient. Thus, any Sixth Amendment claim that Dominguez–Devalle might have would normally be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See Allison,* 59 F.3d at 47. In this regard, we note that there is nothing in the current record which might support Dominguez–Devalle's proposed claim.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.